NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORGAN A. TYSON,    ) | No. C 10-00683 JF (PR) |
| Petitioner,    ) | ORDER TO SHOW CAUSE |
| vs.    ) | |
| ROBERT K. WONG, Warden,    ) | |
| Respondent.    ) | |

Petitioner, an inmate currently incarcerated at the California State Prison-Solano, in Vacaville, seeks petition in <u>pro se</u> for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the 2008 denial of parole by the Board of Parole Hearings (the "Board"). Petitioner has paid the filing fee.

**STATEMENT**

In 1984, an Alameda Superior Court jury convicted Petitioner of second degree murder (Cal. Penal Code § 187). Petitioner challenges the Board's denial of parole after a parole suitability hearing on October 16, 2008. Petitioner filed habeas petitions in the state superior, appellate, and supreme courts, concluding with the state high court denying review on December 2, 2009. Petitioner filed the instant federal habeas petition on

February 17, 2010.

## DISCUSSION

**A.   Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.   Petitioner's Claims**

As grounds for federal habeas relief, Petitioner raises the following claims: 1) the Board's decision to deny parole violates due process because the evidence does not substantiate their conclusion that Petitioner's release currently poses an unreasonable risk of danger to the public; and 2) the Board's decision reflects a systematic bias that violates equal protection and due process. Liberally construed, Petitioner's claims are cognizable under § 2254. The Court orders Respondent to show cause why the petition for a writ of habeas corpus should not be granted.

## CONCLUSION

1.   The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

2.   Respondent shall file with the Court and serve on Petitioner, **within sixty (60) days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus

should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state parole record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent **within thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition **within thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply **within fifteen (15) days** of receipt of any opposition.

4. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 4/22/10

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MORGAN A. TYSON,

        Petitioner,

  v.

ROBERT K. WONG, Warden,

        Respondent.
                              /

Case Number: CV10-00683 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   4/30/10  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Morgan A. Tyson C-81713
CA State Prison-Solano
P.O. Box 4000
18-129L
Vacaville, CA 95696

Dated:   4/30/10

                                                    Richard W. Wieking, Clerk