1

2

3

4

5

6

7

8                                NOT FOR CITATION

9                IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

MORGAN A. TYSON,                    )        No. C 10-00683 JF (PR)
12                                  )
          Petitioner,               )        ORDER DENYING PETITION FOR
13                                  )        WRIT OF HABEAS CORPUS;
                                    )        DENYING CERTIFICATE OF
   vs.                              )        APPEALABILITY
14                                  )
                                    )
15  ROBERT K. WONG, Warden,          )
                                    )
16          Respondent.             )
                                    )
17  _____)

18        Petitioner, an inmate currently incarcerated at the California State Prison-Solano,

19   in Vacaville, seeks petition in pro se for a writ of habeas corpus pursuant to 28 U.S.C. §

20   2254, challenging the 2008 denial of parole by the Board of Parole Hearings (the

21   "Board").  The Court found that the petition stated cognizable claims and ordered

22   Respondent to show cause why the petition should not be granted. Respondent filed an

23   answer addressing the merits of the petition, and Petitioner filed a traverse.  For the

24   reasons discussed below, Court concludes that Petitioner is not entitled to relief based on

25   the claims presented and will deny the petition.

26

27                              **BACKGROUND**

28        In 1984, an Alameda Superior Court jury convicted Petitioner of second degree

Order Denying Petition; Denying COA
P:\PRO-SE\SJ.JF\HC.10\Tyson00683_denyHC (parole).wpd        1

1   murder (Cal. Penal Code § 187).  Petitioner challenges the Board's denial of parole after a

2   parole suitability hearing on October 16, 2008.  Petitioner filed habeas petitions in the

3   state superior, appellate, and supreme courts, concluding with the state high court denying

4   review on December 2, 2009.  Petitioner filed the instant federal habeas petition on

5   February 17, 2010.

6

7                                        **DISCUSSION**

8          As grounds for federal habeas relief, Petitioner raises the following claims: 1) the

9   Board's decision to deny parole violates due process because the evidence does not

10  substantiate their conclusion that Petitioner's release currently poses an unreasonable risk

11  of danger to the public; and 2) the Board's decision to deny parole for two years reflects a

12  systematic bias that violates equal protection and due process.  Respondent asserts that

13  Petitioner is not entitled to federal habeas relief because he fails to show that the state

14  court's decisions denying his claims were contrary to, or an unreasonable application of,

15  Supreme Court precedent.  See 28 U.S.C. § 2254(d).  (Ans. at 4-5; Docket No. 4.)

16         The United States Supreme Court has recently determined that for the purposes of

17  habeas federal habeas review, a California prisoner is entitled to only "minimal"

18  procedural protections in connection with a parole suitability determination.  Swarthout v.

19  Cooke, No. 10-333, slip op. 4-5 (U.S. Jan. 24, 2011).  The procedural protections to

20  which the prisoner is entitled under the Due Process Clause of the Fourteenth

21  Amendment are limited to an opportunity to be heard and a statement of the reasons why

22  parole was denied.  Id.  Here, Petitioner makes no allegation that the Board failed to

23  provide at least these minimum procedural protections in its decision to deny parole for

24  two years, and the Constitution does not require more.  Id. at 5.

25         Whether the Board's decision was supported by some reliable evidence of current

26  dangerousness is irrelevant in federal habeas.  The Supreme Court has made clear that "it

27  is no federal concern... whether California's 'some evidence' rule of judicial review (a

28  procedure beyond what the Constitution demands) was correctly applied."  Id. at 6.  In

Order Denying Petition; Denying COA
P:\PRO-SE\SJ.JF\HC.10\Tyson00683_denyHC (parole).wpd          2

1   light of the Supreme Court's determination that due process does not require that there be

2   any amount of evidence to support the parole denial, the petition fails to state a

3   cognizable claim for relief.

4

5                                    **CONCLUSION**

6        The Court concludes that Petitioner has failed to show a violation of his federal

7   constitutional rights in the underlying state court proceedings and parole hearing.

8   Accordingly, the petition for writ of habeas corpus is DENIED.

9        Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of

10   appealability ("COA") under 28 U.S.C. § 2253(c) is DENIED because it cannot be said

11   that "reasonable jurists" would find the district court's assessment of the constitution

12   claims debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

13        IT IS SO ORDERED.

14   Dated:    6/30/11

                                         JEREMY FOGEL

15                                        United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


MORGAN A. TYSON,

            Petitioner,

  v.

ROBERT K. WONG, Warden,

            Respondent.

_____ /

Case Number: CV10-00683 JF

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on   7/25/11  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Morgan A. Tyson C-81713
CA State Prison-Solano
P.O. Box 4000
18-129L
Vacaville, CA 95696


Dated:   7/25/11

                        Richard W. Wieking, Clerk